Case No.   CV 5:19-2259-MWF-SHK                                    Date:  February 13, 2020
Title:     California Automobile Insurance Company et al v. Basscraft Manufacturing Company, et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  |  |
|---|---|
| Deputy Clerk:<br>Rita Sanchez | Court Reporter:<br>Not Reported |
| Attorneys Present for Plaintiff:<br>None Present | Attorneys Present for Defendant:<br>None Present |

**Proceedings (In Chambers):**   ORDER RE: PLAINTIFFS' MOTION TO REMAND CASE [8]; DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT [13]

Before the Court are two motions:

The first is Plaintiffs California Automobile Insurance Company et al.'s Motion to Remand ("Remand Motion"), filed on December 16, 2019.  (Docket No. 8). Defendants Basscraft Manufacturing Company ("Basscraft") and Masco Corporation ("Masco") filed an Opposition to the Remand Motion on January 6, 2020.  (Docket No. 14).  Plaintiffs filed a Reply on January 13, 2020.  (Docket No. 16).

The second is Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment ("Motion to Dismiss"), filed on January 6, 2020.  (Docket No. 13). Plaintiffs filed an Opposition on the Motion to Dismiss on January 17, 2020.  (Docket No. 18).  Defendants filed a Reply on January 27, 2020.  (Docket No. 19).

The Court has read and considered the papers filed in connection with the two motions and held a hearing on February 12, 2020.

For the reasons discussed below, the motions are ruled upon as follows:

- The Remand Motion is **GRANTED**.  USAA, as a reciprocal insurance exchange, is an "unincorporated association" whose citizenship is defined by its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 5:19-2259-MWF-SHK                    Date:  February 13, 2020
Title:     California Automobile Insurance Company et al v. Basscraft Manufacturing Company, et al.

members.  USAA has submitted a declaration from its Vice President stating that it has members in all 50 states.  This evidence is unrebutted by Defendants.  Accordingly, complete diversity is lacking.

- The Motion to Dismiss is **DENIED** *as moot*.  Because the Court is remanding the action, it will not rule on merits of the Motion to Dismiss.  Defendants may re-file the Motion to Dismiss once the case is remanded.

## I.     BACKGROUND

### A.     Factual Allegations

On October 15, 2019, Plaintiffs commenced this action in the Riverside County Superior Court.  (*See* Notice of Removal ("NoR"), Ex. 1 ("Complaint") (Docket No. 1-1)).

There are many plaintiffs in this action and two defendants.  (*Id*. ¶¶ 8-24).  Most of the plaintiffs are companies, who for diversity purposes are citizens of California.  (*Id*. ¶¶ 8-19).  United Services Automobile Association ("USAA") is a Plaintiff and a reciprocal inter-insurance exchange.  (Amended Motion to Remand ("AMR") at 2-3) (Docket No. 11).  Masco is a Delaware limited liability company with a principal place of business in Michigan.  (NoR ¶ 8).  Basscraft is a Michigan corporation with its principal place of business in Michigan.  (*Id*. ¶ 9).  For purposes of removal jurisdiction, Defendants assert that neither Masco nor Basscraft is a citizen of California.  (*Id*. ¶ 10).

The Complaint contains the following allegations:

Defendants are corporations that conduct business throughout the United States, including Riverside County, California, and designed, manufactured, assembled, tested, labeled, marketed, advertised, and offered for distribution and sale defective water supply lines to be installed by builders, plumbers, and consumers in homes and other buildings (the "Supply Lines").  (Complaint ¶¶ 1-2, 31).  The Supply Lines

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 5:19-2259-MWF-SHK                      Date:  February 13, 2020
Title:     California Automobile Insurance Company et al v. Basscraft Manufacturing Company, et al.

routinely fail because their plastic coupling nuts crack and/or fracture during their ordinary and intended use, thereby allowing water to escape from the Supply Lines and damage property.  (*Id*. ¶ 32).

Defendants knew and had known that the defects existed and that there was a substantial risk that the plastic coupling nuts on their Supply Lines would fracture or otherwise fail during the normal and intended use of the Supply Lines.  (*Id*. ¶¶ 33, 38).  Despite that knowledge, Defendants knowingly failed to disclose to consumers and product users that their Supply Lines were subject to serious defects, were unsafe, and posed a substantial risk of failure. (*Id*. ¶¶ 34, 36).

Plaintiffs are insurers who have made payments to or on behalf of their insureds (the "Insureds") for damages caused by Defendants' water supply lines, and as a result of such payments, are subrogated to the rights of their Insureds as against Defendants.  (*Id*. ¶ 5).  Defendants were aware of the defects prior to the Insureds' purchase of the Supply Lines, and were aware that the defect was present at the point of sale.  (*Id*. ¶ 35).  Because Defendants did not disclose the defect to the Insureds, the Insureds had no way of knowing that the lines were defective at the point of sale.  (*Id*. ¶ 37).

Defendants had a duty to adequately design and manufacture their Supply Lines to keep the plastic coupling nuts from breaking, and to provide warnings as to how the Supply Lines can fail because of their defective nature.  (*Id*. ¶ 39).  Despite this, the labels contain no warnings regarding how to avoid the risks posed by the defective Supply Lines, and no disclosure that after the warranty period, the lines should be replaced or they may fail.  (*Id*.).  Without proper warnings, the Insureds were left on their own to determine whether the Supply Lines were about to fail as a result of the Supply Lines' inherent defects.  (*Id*. ¶ 40).

Despite learning of repeated failures of their Supply Lines' coupling nuts resulting in substantial damages to homeowners, Defendants failed to publicize that the coupling nuts on their Supply Lines were known to break.  (*Id*. ¶ 41).  Defendants also did not recall the defective Supply Lines; nor did Defendants notify property owners that the defective Supply Lines could spontaneously fail and should be replaced.  (*Id*.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 5:19-2259-MWF-SHK                    Date:  February 13, 2020
Title:     California Automobile Insurance Company et al v. Basscraft Manufacturing Company, et al.

Plaintiffs and their Insureds suffered harm as a result of Defendants' actions because the Supply Lines' defect, and the harm was caused by Defendants' knowledge of the defect, coupled with Defendants' failure to warn or disclose the defect. (*Id.* ¶¶ 42-44).

Prior to the dates of loss for the Insureds, Plaintiffs issued policies of insurance to the Insureds and provided insurance to the Insureds for their interests in real and personal property, as well as for other consequential damages including but not limited to loss of use. (*Id.* ¶ 48). The insurance policies provided insurance coverage and benefits to the Insureds for damages and loses that occurred at the Properties, including damages and losses caused by the Supply Lines. (*Id.*).

The Supply Lines were properly installed at the Insureds' property, but still caused water leaks and related damages. (*Id.* ¶¶ 49-51). The water leaks and related damage were caused by failures of the coupling nuts in the Supply Lines, whereby the nuts fractured because the Supply Lines were defective. (*Id.* ¶¶ 52-53). The Supply Lines' failure caused substantial damage to the real and personal property of Plaintiffs' Insureds.

Based on the above allegations, Plaintiffs assert five claims against Defendants: (1) strict products liability; (2) negligence; (3) negligent failure to warn; (4) violation of California Unfair Competition Law ("UC") pursuant to California Business & Professions Code § 17200; and (5) breach of implied warranty. (*Id.* ¶¶ 60-112).

On November 22, 2019, Defendants timely removed the action, invoking the Court's diversity jurisdiction. (NoR ¶¶ 1-14).

## II.  **LEGAL STANDARD**

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. *See Abrego v. The Dow Chem. Co.*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 5:19-2259-MWF-SHK  **Date:** February 13, 2020
**Title:** California Automobile Insurance Company et al v. Basscraft Manufacturing Company, et al.

443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. *See Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

In most circumstances, "federal district courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. *See Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

### III. DISCUSSION

Plaintiffs argue that remand is appropriate because diversity jurisdiction is lacking in this action. Specifically, Plaintiffs argue that because USAA has members in all fifty states, including Michigan and Delaware, complete diversity is lacking here. (AMR at 4-5). That is because "[i]t is settled law that when an unincorporated association . . . is sued in federal court, its citizenship for diversity purposes is deemed to be that of each of its members." (*Id*. at 5) (citing cases). In support of their contention that USAA has members in all 50 states, Plaintiffs point to the Affidavit of Issac Johnson, a "Vice President, Attorney" for USAA. (Affidavit of Issac Johnson "Johnson Affidavit" ¶¶ 2, 9) (Docket No. 10). Plaintiffs also argue that they are entitled to costs and actual expenses, including attorneys' fees. (*Id*. at 5-6).

In opposition, Defendants raise five arguments as to why the action should not be remanded. First, Defendants argue that USAA is not a Michigan or Delaware citizen for diversity purposes because the "Complaint does not assert Delaware or Michigan as states of incorporation or principal places of business, nor in any other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 5:19-2259-MWF-SHK             **Date:** February 13, 2020

**Title:** California Automobile Insurance Company et al v. Basscraft Manufacturing Company, et al.

manner suggest Michigan or Delaware citizenship." (Opposition at 5-6). Second, Defendants argue that their removal was based on the information in the Complaint, and Defendants had "no obligation to investigate Plaintiffs' claimed citizenship beyond the Complaint." (*Id*. at 6). Third, Defendants argue that the Johnson Affidavit is insufficient, and Plaintiffs "have done nothing to substantiate Johnson's . . . vague contentions." (*Id*. at 7). Fourth, Defendants argue that they are entitled to discovery before remand as to who the relevant members are and how they "could possibly be related to this lawsuit," along with deposing Johnson, the author of the affidavit. (*Id*. at 9-10). Finally, Defendants argue that all Michigan and Delaware members of USAA should be dismissed from the case, because they cannot have anything to do with the underlying conduct here. (*Id*. at 10-12).

At the hearing, the parties reiterated their arguments. In particular, Defendants focused on the relative ease with which USAA could produce the key information: whether it ***actually*** has members in Michigan and Delaware.

The Court agrees with Plaintiffs:

***First***, multiple courts have determined that USAA is an unincorporated association, with its citizenship for diversity purposes determined based on the citizenship of each of its members. *See, e.g., United Servs. Auto. Ass'n v. Franke Consumer Prod., Inc.*, No. 11-05430-PSG, 2012 WL 368378, at *2 (N.D. Cal. Feb. 3, 2012) ("Consistent with the Second Circuit and the other appellate and district courts that have followed it, this court must conclude that USAA is a reciprocal inter-insurance exchange and thus an unincorporated association. As an unincorporated association, Supreme Court case law directs that USAA's citizenship be based on the citizenship of each of its members."); *Baer v. United Servs. Auto. Ass'n*, 503 F.2d 393, 396 (2d Cir. 1974) ("Inasmuch as U[SAA] should, for diversity jurisdictional purposes, be considered a resident of each state in which it has members, diversity jurisdiction would be defeated here, as we have explained, if U[SAA] has even one member, other than [plaintiff], who is a citizen of New York."); *Ourso v. United Servs. Auto. Ass'n*, No. CIVA 06-4354, 2007 WL 275902, at *2 (E.D. La. Jan. 25, 2007) ("Accordingly,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 5:19-2259-MWF-SHK                    Date:  February 13, 2020
Title:     California Automobile Insurance Company et al v. Basscraft Manufacturing Company, et al.

the Court finds that USAA is a reciprocal interinsurance exchange with members in Louisiana.  As plaintiffs are also residents of Louisiana, complete diversity is lacking, and this Court therefore lacks subject matter jurisdiction."); *Ordonez v. USAA*, No. 11 CV 5286 HB, 2013 WL 837599, at *3 (S.D.N.Y. Mar. 6, 2013) (no diversity jurisdiction because plaintiff "is a citizen of New Jersey" and "USAA is an unincorporated association, and it is undisputed that USAA policyholders reside in New Jersey").

Defendants' citation to *Garcia v. Farmers Ins. Exch.*, 121 F. Supp. 2d 667 (N.D. Ill. 2000) does not change the Court's analysis.  In *Garcia*, the court concluded that diversity jurisdiction was established even though the defendant was an unincorporated association because the "subscribers and policyholders [of defendant] are [defendant]'s customers, not its members." *Id*. at 669.  However, *Garcia* has since been criticized by a number of cases, and contradicts the wealth of cases cited above.  *See, e.g.*, *See Brunson v. Erie Ins.*, No. CIV. WDQ-12-2152, 2013 WL 1316947, at *3 (D. Md. Mar. 27, 2013) ("[I]t appears that every court that has addressed the citizenship of a reciprocal insurance exchange . . . has disagreed with . . . *Garcia* . . . and held that a reciprocal insurance exchange has the citizenship of its policyholders."); *McKenzie v. Farmers Ins. Exch.*, No. CV 17-4011, 2018 WL 801597, at *3 (D.S.D. Feb. 8, 2018) ("Plaintiff urges the Court to follow the ruling presented in *Garcia* . . . the Court declines to do so."); *Staggs v. Farmers Ins. Exch.*, No. 3:15-CV-01502-MC, 2016 WL 1725302, at *3 (D. Or. Apr. 27, 2016) (characterizing the decision in *Garcia* as the "minority rule").

*Second*, Defendants' arguments that the Court may only consider the allegations in the Complaint are misplaced; the Court is able to consider jurisdictional facts beyond the four corners of the complaint in order to determine diversity of the parties. *See Green v. United States*, 630 F.3d 1245, 1248 n.3 (9th Cir. 2011) ("On a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), proof of jurisdictional facts may be supplied by affidavit, declaration, or any other evidence properly before the court, in addition to the pleadings challenged by the motion.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 5:19-2259-MWF-SHK                          Date:  February 13, 2020
Title:     California Automobile Insurance Company et al v. Basscraft Manufacturing Company, et al.

*Third*, USAA submits an affidavit, which is unrebutted by Defendants, that USAA is "a reciprocal insurance exchange" with "policyholders/subscribers in all fifty (50) states, including Michigan and Delaware." (Johnson Affidavit ¶¶ 4, 9). Defendants attempt to dismiss the import of the Johnson Affidavit because it is an affidavit from a "lawyer" and because the affidavit "fail[s] to identify the alleged . . . 'members' and their relevance to this case." (Opposition at 8).  However, Isaac Johnson is a Vice President of USAA, so Defendants cannot seriously argue he lacks personal knowledge regarding the members of USAA.  (Johnson Affidavit ¶ 2). Defendants also do not point to any authority requiring an affidavit to identify the "members."

*Fourth*, the Court agrees with Plaintiffs that production of the names should not be required.  Defendants argued that it would not be much of a burden to order USAA to produce the names of its Michigan and Delaware members.  That production, however, would take time and money, and simply get us to the same place we are now. Accordingly, because the Johnson Affidavit establishes that (1) USAA is a reciprocal insurance exchange; and (2) USAA has members in all fifty states, no additional discovery is required.

*Fifth*, the Court is not convinced that Defendants can cure the jurisdictional deficiency by dismissing the non-diverse members of USAA from the case.  As the Tenth Circuit noted, because this action was filed by "USAA as an entity, not against the individual members of the association," a "motion to dismiss the nondiverse members is not sufficient to create complete diversity because USAA, with its ubiquitous citizenship, remains a party to the action." *Tuck v. United Services Auto. Ass'n*, 859 F.2d 842, 845-46 (10th Cir. 1988).  Additionally, unlike in *Tuck*, where USAA was a Defendant, it is unclear how the ***Defendants*** here can ask for the dismissal of ***Plaintiffs***.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 5:19-2259-MWF-SHK                    Date:  February 13, 2020
Title:    California Automobile Insurance Company et al v. Basscraft Manufacturing Company, et al.

Accordingly, no one of Defendants' arguments changes the fact that USAA is a citizen of all 50 states for diversity purposes. Because complete diversity is lacking in this action, the Remand Motion is **GRANTED**.

Because USAA's member status was not pled in the Complaint, the Court will not fault Defendants for removing this action to this Court. Moreover, as indicated at the hearing, the request for the actual names or more discovery was not frivolous. Accordingly, Plaintiffs' request for costs and fees pursuant to 28 U.S.C. § 1447 is **DENIED**.

## IV.   CONCLUSION

For the reasons set forth above, the Remand Motion is **GRANTED** and the Motion to Dismiss is **DENIED *as moot***. The Court **REMANDS** this action to the Riverside County Superior Court.

Because this Court lacks jurisdiction, nothing in this Order should be taken as a ruling or comment on the merits of the action, or whether a demurrer should be sustained or overruled in Superior Court.

IT IS SO ORDERED.